# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **N.M.**

**No. 15-0450** (Wayne County 14-JA-06)

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother D.M., by counsel Abraham J. Saad, appeals the Circuit Court of Wayne County's April 8, 2015, order terminating her parental rights to N.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), David R. Tyson, filed a response on behalf of the child supporting the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in terminating her parental rights because she successfully completed her improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner brought N.M. into the Cabell Huntington Hospital with a head injury resulting from a fall at the home. N.M. was diagnosed with a skull fracture caused by blunt force trauma and tested positive for higher that normal lead levels. Petitioner could not give a clear account of how N.M. was injured. The DHHR also alleged that petitioner's home was unsanitary and unsafe. According to the petition, the home was severely water damaged; tarps and blankets covered every door way; and there were large amounts of animal feces and urine throughout the home. Petitioner waived her rights to a preliminary hearing on January 24, 2014. The petition was later amended to include petitioner's admission that she previously voluntarily relinquished her parental rights to four other children; a neurologist's findings that the severity of N.M.'s injury was not consistent with petitioner's account of the injury; and a pediatrician's findings that N.M. was developmentally delayed and behind on his immunizations.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

In March of 2014, the circuit court held an adjudicatory hearing wherein petitioner admitted to the unsanitary and unsafe conditions of the house and stipulated to her failure to properly supervise N.M. Based upon the evidence, the circuit court found that petitioner abused and neglected N.M. because her lack of supervision resulted in N.M.'s serious head injury. The circuit court also found that petitioner's home was unsafe and unsanitary. Petitioner was granted supervised visitation with N.M.

In April of 2014, the circuit court granted petitioner's request for a post-adjudicatory improvement period. In December of 2014, the circuit court extended petitioner's improvement period at her request. The circuit court also granted the DHHR discretion to provide more visitation or unsupervised visitation.

In March of 2015, the circuit court held a dispositional hearing. A DHHR case worker testified that petitioner continued to cooperate with the family case plan and participate in services, but continued to display deficits in her parenting and decision-making abilities. The case worker testified that petitioner did not recognize safety hazards and was not at the skill level necessary to care for N.M., despite receiving hundreds of hours of individualized parenting and adult life skills instruction. She also testified that petitioner was not open to learning new parenting styles, did not utilize learned skills appropriately, and indicated to the service provider that "she [was] going to do it her way, anyway, because she knows what will work." The case worker testified that N.M required constant supervision because of his motor and cognitive delays. Based upon the evidence, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the circumstances of abuse and neglect in the near future. The circuit court further found that, based upon petitioner's limitation and N.M.'s special needs, termination of petitioner's parental rights was in N.M.'s best interests. The circuit court terminated petitioner's parental rights by order dated April 8, 2015. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner contends that she substantially complied with the terms and conditions of her improvement period; thus,

she argues termination of her parental rights was inappropriate. However, in our review, we are not limited to petitioner's success or failure with respect to the services offered. "Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children." Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996).

Moreover, we have instructed that

> [a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

Syl. Pt. 6, *In re Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991).

While the circuit court acknowledged that petitioner substantially complied with the terms and conditions of her improvement period, we have consistently held that when "making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). We have also recognized that it is possible for a parent to show "compliance with specific aspects of the case plan, she failed to improve . . . [the] overall attitude and approach to parenting." *W.Va. Dep't. of Human Servs. v. Peggy F.*, 184 W.Va. 60, 64, 399 S.E.2d 460, 464 (1990).

Despite petitioner's substantial compliance with the terms and conditions of her improvement period, there were continuing concerns that she did not recognize safety hazards and did not possess the necessary skills to care for N.M., despite receiving individualized parenting and adult life skills instruction. The record on appeal demonstrated that petitioner did not utilize learned skills appropriately and indicated to the service provider that "she [was] going to do it her way, anyway, because she knows what will work." The evidence established that hours of services yielded little positive results regarding petitioner's ability to parent N.M. The circuit court found that petitioner continued to cooperate with and participate in her improvement period but that "she [had] limited psychological abilities and [was] limited in her ability to properly care for and supervise" N.M. The circuit court further found that petitioner did not "internalize the skills she [was] being taught" and did not follow up on parenting recommendations. The circuit court determined that N.M.'s special needs required "constant supervision and intensive care." Based on the evidence before it, the circuit court correctly determined that petitioner did not successfully complete her improvement period.

Additionally, the circuit court found that that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

The evidence on the record supports the circuit court's determination that petitioner could not implement any of the parenting skills or education she learned through services and could not properly care for N.M., based on her own limitations and N.M.'s special needs.

Moreover, the circuit court correctly terminated petitioner's parental rights upon its finding that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect and that termination was in N.M.'s best interest. In accordance with West Virginia Code § 49-4-604(b)(6), upon such a finding, the circuit court is directed to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 8, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II